J. Robert Lynch, J.
The respondent Board of Education did not grant a teacher’s contract to the petitioner for the school year commencing September 1,1971. Alleging the respondent’s action to have been arbitrary, capricious and contrary to law, the petitioner now seeks under article 78 of the CPLR to be reinstated as a tenured school teacher and to recover the emoluments of the position. The facts are undisputed.
It is the petitioner’s contention that she has tenure and, that because she has, her employment can only be terminated after a hearing on charges as specified in section 3013 of the Education Law. It is the respondent’s contention that the petitioner could only be hired on a year-to-year basis under the provisions of section 211 of the Retirement and Social Security Law, and that its grant of tenure was therefore illegal, improper and meaningless.
After having been in the teaching profession since 1924, the petitioner retired June 30, 1961. She was then 59 years old. Starting on September 1, 1962 she recommenced full-time work as an elementary teacher with the respondent board. We have not been told why or on what basis she did this or why or on what basis the board hired her. The pleadings are silent about *119 it. The petitioner’s file with the respondent discloses nothing. So, the facts as we have them do not warrant any assumptions on our part. Suffice it to say that taking up full employment after having retired was authorized by section 101 of the Retirement and Social Security Law, which read at that time, “a. If a retired member, receiving a retirement allowance for other than physical disability, returns to active public service, except as otherwise provided in this section, and is eligible for membership in the retirement system, he thereupon shall become a member and his retirement allowance shall cease. In such event, he shall contribute to the retirement system as if he were a new member ” (L. 1962, ch. 571, § 2, eff. July 1, 1962).
At that time there was a statute (Education Law, § 511-b, repealed by L. 1964, ch. 803, § 9, eff. July 1, 1964) which permitted some retired teachers to accept full-time employment for limited compensation in addition to their retirement allowance. However we have no reason to believe that the petitioner was hired under the arrangement permitted by this statute nor do we think that it would make any difference to our decision if she had been, as we shall point out later.
At this juncture it should be borne in mind that section 3013 of the Education Law provides that at the conclusion of her probationary hiring a teacher may be appointed on tenure and that if she is so appointed, she may be removed only after a hearing brought on charges of insubordination, immoral character, conduct unbecoming a teacher, inefficiency, incompetency, physical or mental disability, neglect of duty or failure to maintain certification. At the time with which we are concerned, the same section also provided that the teacher’s probationary term was not to exceed five years.
The petitioner’s new employment began, as all teachers’ must, with a probationary appointment. The Superintendent of Schools recommended a three-year probationary period commencing September 1, 1962 and this was approved by the respondent board. At the conclusion of her three-year probation she was recommended for tenure by both her principal and her Superintendent of Schools and she was granted tenure by the respondent board effective September 1, 1965.
It is the opinion of this court that the petitioner, although once retired, returned to public service on September 1, 1962, went through her probationary period and was validly granted tenure. Consequently her employment cannot be terminated without a hearing on charges of the character enumerated in section 3013 of the Education Law.
*120 The confusion here was introduced when the Legislature enacted section 211 of the Retirement and Social Security Law which became effective July 1,1964. This repealed section 511-b of the Education Law and created a different type of opportunity for retired people to obtain public employment while continuing to draw their retirement allowance. This statute permits a teacher who has retired to be employed without diminution of her retirement allowance, but only on the approval of the Commissioner of Education after the requesting board of education has certified ‘1 that there are not readily available for recruitment persons qualified to perform the duties of such position ”. The regulations of the Commissioner authorized by that section limit his approval to one-year periods (amendment to the Regulations of the Commissioner of Education, art. XXXVII, § 302, adopted June 26, 1964 [now 8 NYCRR 80.35]).
For some unknown reason and despite the fact that she was by then on tenure, the respondent board decided about September 13, 1965 that the new section applied to the petitioner. Consequently, starting then and each year thereafter up to and including September, 1970, the respondent applied for the Commissioner’s approval of her employment, certifying each time that there were no other teachers available for her position. In 1971 the respondent was confronted by a teacher surplus; it had over 700 applicants for 23 vacancies. The respondent felt that it could no longer make the certification necessary for the Commissioner’s approval of the petitioner’s employment. Therefore it terminated her employment on June 30, 1971. It is conceded that no charges have been brought against the petitioner nor is it even suggested that there are grounds for any charges.
We can find no legal basis for the respondent’s assumption that the petitioner was subject to the provisions of section 211 of the Retirement and Social Security Law. Her retirement had ceased about two years before the statute became effective. Even if we indulge in the hypothesis that her retirement continued beyond her employment on September 1,1962 by an unwarranted supposition that she was under then existing section 511-b of the Education Law, she would be statutorily exempt from the provisions of section 211 of the Retirement and Social Security Law (Retirement and Social Security Law, § 214).
The petitioner is entitled to an order:
(a) That the respondent reinstate the petitioner as a tenured teacher forthwith with all the rights, privileges, benefits and salary to which petitioner would have been entitled had she not been illegally dismissed; and
*121 (b) that the respondent reimburse petitioner for all salary that petitioner would have earned during the 1971-1972 school year had her services not been terminated, all with interest from the time the right to the salary accrued.